ELECTRONIC CITATION: 2011 FED App. 0016P (6th Cir.)
File Name: 11b0016p.06

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | |
|---|---|
| In re: GARY D. BARBEE, <br><br> Debtor. <br><br>──────────────────────────── <br><br> U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE TRUMAN FHA TRUST 2008-1, BY AND THROUGH ITS MORTGAGE SERVICING AGENT BAC HOME LOAN SERVICING, <br><br> Appellant, <br><br> v. <br><br> GARY D. BARBEE, <br><br> Appellee. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 10-8074 |

Appeal from the United States Bankruptcy Court
for the Eastern District of Kentucky
Case No. 09-53591; Adv. No. 10-5054

Argued: November 2, 2011

Decided and Filed: December 12, 2011

Before: BOSWELL, HARRIS, and McIVOR, Bankruptcy Appellate Panel Judges.

_____

### COUNSEL

**ARGUED:** John P. Brice, WYATT, TARRANT & COMBS, LLP, Lexington, Kentucky, for Appellant. Jon Jay Lieberman, ATKINSON, SIMMS & KERMODE, PLLC, Lexington, Kentucky, for Appellee. **ON BRIEF:** John P. Brice, WYATT, TARRANT & COMBS, LLP, Lexington,

Kentucky, for Appellant. John M. Simms, ATKINSON, SIMMS & KERMODE, PLLC, Lexington, Kentucky, for Appellee.

## OPINION

ARTHUR I. HARRIS, Bankruptcy Appellate Panel Judge. The chapter 13 debtor, Gary D. Barbee ("Debtor"), instituted an adversary proceeding against U.S. Bank National Association as trustee for the Truman FHA Trust 2008-1, by and through its mortgage servicing agent BAC Home Loan Servicing ("Bank") seeking to avoid the Bank's interest in his manufactured home pursuant to 11 U.S.C. § 544. The parties filed cross-motions for summary judgment on stipulated facts. Appellant appeals the bankruptcy court's September 17, 2010, order granting summary judgment in favor of Debtor. For the reasons that follow, the Panel AFFIRMS the bankruptcy court's order.

## I. ISSUES ON APPEAL

The issue presented by this appeal is whether the bankruptcy court erred in granting summary judgment in favor of Debtor. Underlying this issue is whether the court correctly concluded that Debtor has standing to pursue an avoidance action, and whether the court correctly concluded that the Bank's lien on Debtor's manufactured home was not perfected, and therefore avoidable, because there was no notation of the lien on the certificate of title and the home was never converted from personal to real property.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Eastern District of Kentucky has authorized appeals to the Panel, and neither party has timely elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6) and (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798, 109 S. Ct. 1484, 1497 (1989) (citations omitted). An

order granting summary judgment is a final order. *Drown v. Nat'l City Bank (In re Ingersoll)*, 420 B.R. 414, 414-15 (B.A.P. 6th Cir. 2009).

The bankruptcy court's final order granting Debtor's motion for summary judgment is reviewed *de novo*. *See Int'l Dairy Foods Ass'n v. Boggs*, 622 F.3d 628, 635 (6th Cir. 2010). " 'Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination.' " *In re Ingersoll*, 420 B.R. at 415 (quoting *Buckeye Check Cashing, Inc. v. Meadows (In re Meadows)*, 396 B.R. 485 (B.A.P. 6th Cir. 2008)).

### III. FACTS

The relevant facts in this case are undisputed. On November 15, 1999, Debtor and Rebecca Ruth Gaunce ("Gaunce") borrowed $75,558.93 from Countrywide Home Loans, Inc. ("Countrywide"), repayment of which was secured by the grant of a mortgage lien in favor of Countrywide. The mortgage granted to Countrywide is dated November 15, 1999, and was recorded in the office of the Bourbon County Clerk on December 1, 1999. That mortgage encumbered the real property and all improvements and fixtures located at 106 Vimont Street, Millersburg, Kentucky. On October 22, 2009, the note and mortgage were assigned to the Bank.

Debtor and Gaunce used the proceeds of the loan to acquire the real property from the Estate of Joseph F. O'Nan. Located on the property is Debtor and Gaunce's manufactured home. Attached to the home is a metal plate that states:

> As evidenced by this label No. NTA 213282 the manufacturer certifies to the best of the manufacturer's knowledge and belief that this manufactured home has been inspected in accordance with the requirements of the Department of Housing and Urban Development and is constructed in conformance with the federal manufactured home construction and safety standards in effect at the date of manufacture.

(Adv. Proc. Doc. #13, Ex. 8.) Also in the record is a letter from a loan officer to Countrywide regarding Debtor's loan from Countrywide advising that "[i]n 1997, this double wide mobile home was gutted and rebuild (sic) as an actual house." (Adv. Proc. Doc. #6-1, at 22.) Debtor and Gaunce

did not acquire a separate title to the manufactured home; however, the record is unclear as to whether a certificate of title has ever been issued for the manufactured home.

On November 11, 2009, Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code.[1] On April 16, 2010, Debtor filed a motion seeking derivative standing to file an adversary proceeding to avoid the Bank's lien on the manufactured home. On May 17, 2010, the bankruptcy court granted Debtor's motion.

Debtor filed his adversary complaint on May 23, 2010. In his complaint, Debtor asserted that as a hypothetical lien creditor, he has superior title to the manufactured home located on the property, and that any interest the Bank has in the home is avoidable pursuant to 11 U.S.C. § 544 because the Bank failed to perfect its lien on the manufactured home pursuant to Kentucky law.[2]

The Bank and Debtor filed cross-motions for summary judgment. The Bank asserted that Debtor did not have standing to bring the avoidance action, and that he did not acquire title to the home pursuant to Kentucky Revised Statute § 186A.215. The Bank claimed that the home does not constitute an asset of the estate because Debtor acquired no interest in the home apart from its status as an improvement to real property or a fixture. Additionally, the Bank argued that Debtor's claims were barred by 11 U.S.C. §§ 1322(b)(2) and 1325(a)(5) in that Debtor may not modify the Bank's rights as the holder of a mortgage secured solely by his residence.[3]

The bankruptcy court heard oral argument on September 13, 2010. The parties agreed that there were no genuine issues of material fact and that disposition of the cross-motions for summary judgment would fully adjudicate all claims. On September 17, 2010, the bankruptcy court issued

---

[1] Also on November 11, 2009, Gaunce filed a separate chapter 13 petition. Her chapter 13 plan proposed to treat the Bank's $79,000 claim as having a secured value of only $7,500 according to 11 U.S.C. § 506(a). Her plan was confirmed on March 22, 2010, without objection.

[2] Debtor's complaint also asserted that the order confirming Gaunce's chapter 13 plan has res judicata effect as to the non-existence of a lien on the home. The bankruptcy court rejected this contention, and Debtor has not filed a cross-appeal on this issue.

[3] The bankruptcy court rejected the Bank's argument regarding §§ 1322(b)(2) and 1325(a)(5); however, the Bank has not raised this argument on appeal.

an order granting summary judgment in favor of Debtor and denying the Bank's motion for summary judgment. The bankruptcy court held that Debtor has standing to bring the avoidance action, and that the Bank's lien on the manufactured home was avoidable because the lien was not noted on the certificate of title, nor had the home been converted to real property.

## IV. DISCUSSION

### A. Derivative Standing of Debtor to Pursue Lien Avoidance Under 11 U.S.C. § 544

Citing to the Sixth Circuit Bankruptcy Appellate Panel's decision in *Countrywide Home Loans v. Dickson (In re Dickson)*, 427 B.R. 399 (B.A.P. 6th Cir. 2010), the bankruptcy court held that Debtor has derivative standing to pursue the lien avoidance under § 544. The Bank argues that Debtor lacked standing to bring the avoidance action because a debtor cannot be granted derivative standing to exercise the trustee's strong arm powers with regard to consensual liens. Debtor asserts that he has derivative standing to pursue lien avoidance under § 544 pursuant to the Bankruptcy Appellate Panel's decision in *Dickson*.

In *Dickson*, Countrywide Home Loans asserted that a chapter 13 debtor lacked standing to pursue avoidance of the lien on her manufactured home. The bankruptcy court in that case concluded that the debtor had derivative standing to avoid Countrywide's lien under either § 544 or § 547. In addressing the issue, the Bankruptcy Appellate Panel acknowledged that courts are split on whether a chapter 13 debtor may be granted derivative standing to bring an avoidance action. *See Realty Portfolio, Inc. v. Hamilton (In re Hamilton)*, 125 F.3d 292 (5th Cir. 1997) (discussing split in cases with some courts granting standing by emphasizing "reality" of chapter 13 bankruptcies, limited role of chapter 13 trustees, and perceived unfairness to chapter 13 debtors of denying standing under § 544, and other courts refusing to grant standing based on lack of explicit statutory foundation for debtor to seek avoidance and relying on plain language of Code). The *Dickson* Panel concluded that the bankruptcy court had properly granted the debtor derivative standing to pursue lien avoidance. *Dickson*, 427 B.R. at 406.

In *Dickson*, the Bankruptcy Appellate Panel based its conclusion, in part, on the decision of the Sixth Circuit Court of Appeals in *Hyundai Translead, Inc. v. Jackson Truck & Trailer Repair,*

5

*Inc. (In re Trailer Source, Inc.)*, 555 F.3d 231 (6th Cir. 2009). In *In re Trailer Source*, the Sixth Circuit held that the Bankruptcy Code allows courts to grant derivative standing to creditors to bring avoidance actions on behalf of the bankruptcy estate in chapter 11 and chapter 7 proceedings where the trustee refuses to do so. "Although the case was decided in the specific context of a Chapter 7 bankruptcy case wherein a creditor sought to avoid a fraudulent transfer, the Sixth Circuit in *Hyundai Translead* relied upon principles generally applicable to Chapter 13 debtors and lien avoidance under 11 U.S.C. §§ 544 and 547." *In re Dickson*, 427 B.R. at 404. The *Dickson* Panel explained that the realities of chapter 13 bankruptcies "make it imperative for a debtor to be able to pursue avoidance claims if the Chapter 13 trustee refuses to do so." *Id.* at 405. Those realities identified by the Bankruptcy Appellate Panel in *Dickson* included the chapter 13 trustee's lack of resources to pursue meritorious avoidance claims, the need for the chapter 13 debtor's plan to comply with § 1325(a)(4), and the possibility of a debtor being accused of proposing a plan in bad faith if his plan does not contemplate avoidance of an obviously avoidable lien. *Id.*

While acknowledging the Bankruptcy Appellate Panel's holding in *Dickson*, the Bank argues that Debtor lacked standing to pursue avoidance of the lien based upon the plain language of the Bankruptcy Code and the reasoning of courts which have found that a chapter 13 debtor lacks standing to exercise the trustee's avoidance powers. At the time the Bank filed its brief in this appeal, an appeal of the decision in *Dickson* was pending before the Sixth Circuit Court of Appeals. Therefore, the Panel issued an order holding this appeal in abeyance pending a decision of the Sixth Circuit in *Dickson*.

The Sixth Circuit issued a decision in *Dickson* on August 26, 2011; however, the Court of Appeals never reached the issue of derivative standing. Instead, the Sixth Circuit held that the transfer at issue in *Dickson* was involuntary, so that the debtor had direct, statutory standing to seek avoidance of the creditor's lien under 11 U.S.C. § 522(h). Thus, the Sixth Circuit concluded: "In view of our holding that Dickson possesses direct standing, it is unnecessary for us to address the issue of whether she possesses 'derivative standing' as found by the BAP." *Countrywide Home Loans v. Dickson (In re Dickson)*, 655 F.3d 585, 593 (6th Cir. 2011) (citation omitted).

Without deciding whether a later panel must always follow the precedent of a prior panel, we see no reason in this case to break with the principles of *stare decisis* and therefore follow the holding of the Bankruptcy Appellate Panel's decision in *Dickson*. Adhering to precedent promotes uniformity of case law throughout the Circuit and promotes "the goals of 'stability' and 'predictability' that the doctrine of statutory *stare decisis* aims to ensure." *CSX Transp., Inc. v. McBride*, __U.S.__, 131 S. Ct. 2630, 2641 (2011) (quoting *Hilton v. S.C. Public Rys. Comm'n*, 502 U.S. 197, 202, 112 S. Ct. 560 (1991). Furthermore, the Bank is free to seek review of our decision in the Court of Appeals, which is not bound by decisions of Bankruptcy Appellate Panels. *See Phar-Mor, Inc. v. McKesson Corp. (In re Phar-Mor, Inc.)*, 534 F.3d 502, 507 (6th Cir. 2008). Therefore, we will follow the holding of the Bankruptcy Appellate Panel's decision in *Dickson* and affirm the bankruptcy court's determination that Debtor has derivative standing to avoid the Bank's lien pursuant to § 544.

## B. Perfection of the Bank's Lien On Debtor's Manufactured Home

### 1. *The manufactured home is property of Debtor's estate.*

Before the bankruptcy court, the Bank argued that Debtor never acquired title to the manufactured home pursuant to Kentucky Revised Statute § 186A.215, and therefore, never acquired an interest in the home apart from its status as an improvement to real property or fixture. The Bank asserts that the home either does not constitute an asset of the estate or is an improvement to real property and therefore subject to the Bank's mortgage lien.

Kentucky Revised Statute § 186A.215 provides, in pertinent part:

> (1) If an owner transfers his interest in a vehicle, he shall, at the time of the delivery of the vehicle, execute an assignment and warranty of title to the transferee in the space provided therefor on the certificate of title . . . The transferor shall cause the application with the certificate of title attached to be delivered to the transferee.
>
> . . . .
>
> (3) The application with its supporting documentation attached shall promptly be submitted to the county clerk . . . .

7

"The adoption of K.R.S. 186A.010 *et seq.* changed Kentucky from an equitable title state to a certificate of title state wherein the legal titleholder is considered the owner of a vehicle in the absence of a valid conditional sales or lease agreement." *Potts v. Draper*, 864 S.W.2d 896, 900 (Ky. 1993) (citing Ky. Rev. Stat. Ann. § 186.010(7)).

The Bankruptcy Code defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "This definition is unquestionably broad, its main purpose being to 'bring anything of value that the debtors have into the [bankruptcy] estate.'" *Lyon v. Eiseman (In re Forbes)*, 372 B.R. 321, 330 (B.A.P. 6th Cir. 2007) (quoting *Booth v. Vaughan (In re Booth)*, 260 B.R. 281, 284-85 (B.A.P. 6th Cir. 2001)). As the bankruptcy court here found, Debtor "clearly has an interest in the property that would fall under the definition as set forth in 11 U.S.C. § 541." (Adv. Proc. Doc. #22, Order, at 5.) Debtor has, at a minimum, an equitable interest in the manufactured home. Therefore, the manufactured home is property of Debtor's bankruptcy estate.

2. *Debtor's manufactured home is personal property, and any lien encumbering it can be perfected only by a notation on the certificate of title.*

The Bank's assertion that the manufactured home is subject to the Bank's mortgage lien as an improvement to real property is incorrect. Property interests are created and defined by state law unless some federal interest requires a different result. *Butner v. United States*, 440 U.S. 48, 55, 99 S. Ct. 914, 918 (1979). In Kentucky, a manufactured home is personal property for which a certificate of title is required. *See* Ky. Rev. Stat. Ann. § 186A.070(1); *see also Citizens Nat'l Bank of Jessamine Cnty. v. Washington Mut. Bank*, 309 S.W.3d 792, 796 (Ky. Ct. App. 2010). In order to perfect a lien on personal property, the lien must be noted on the certificate of title. *See* Ky. Rev. Stat. Ann. § 186A.190(2) ("[T]he sole means of perfecting and discharging a security interest in property for which a certificate of title is required by this chapter is by notation on the property's certificate of title...."); *see also In re Dickson*, 655 F.3d at 590; *Citizens Nat'l Bank*, 309 S.W.3d at 796. "However, a manufactured home may be converted from personal property to an improvement to real estate, KRS § 186A.297, thereby allowing perfection through first recording without notice, KRS § 382.110." *In re Dickson*, 655 F.3d at 590. By filing an affidavit of

conversion to real estate and surrendering the Kentucky certificate of title, a manufactured home will be deemed " 'an improvement to the real estate upon which it is located.' " *PHH Mortgage Servs. v. Higgason*, 345 B.R. 584, 586-87 (E.D. Ky. 2006) (quoting Ky. Rev. Stat. Ann. § 186A.297).

In *Dickson*, the Sixth Circuit held that a creditor can also obtain a perfected lien on a manufactured home by obtaining a state court order converting the manufactured home to an improvement to real property. *See Dickson*, 655 F.3d at 590-91. Thus, a creditor who is unable to obtain a lien on the certificate of title or an affidavit of conversion of the manufactured home to real property in accordance with Kentucky Revised Statute § 186A.297(1), can still obtain a perfected lien through the state court procedure used by the creditor in *Dickson*. It is undisputed that Debtor did not comply with Kentucky Revised Statute § 186A.297 by filing an affidavit of conversion and surrendering the certificate of title or by seeking a court order converting the property. Therefore, the manufactured home remained personal property, and the sole means of perfecting a lien on the home was by placing a notation of the lien on the certificate of title. It is undisputed that the Bank's lien was not noted on the certificate of title. Therefore, the Bank did not perfect its lien on Debtor's manufactured home.

In support of its position that the manufactured home is a fixture encumbered by the "plain language" of its mortgage, the Bank cites, for the first time on appeal, to the unpublished decision of *Whisman v. Whisman*, 2007-CA-002534-MR, 2009 WL 2971552 (Ky. Ct. App. Sept. 18, 2009). The Bank's reliance on *Whisman* is misplaced as it does not advance the Bank's position that its interest in Debtor's manufactured home is not avoidable pursuant to 11 U.S.C. § 544. *Whisman* was a case involving a Kentucky divorce proceeding and a court-ordered sale of real property upon which a manufactured home was located. The appellant contended that the manufactured home was not a part of the land for purposes of the sale because there was no certificate of title in the record, nor had an affidavit affixing the home to the property been recorded with the county clerk. The issue before the court was "whether the trailer was affixed to the property and passed with the commissioner's sale or is the personal property of [the appellant]." *Id.* at *2.

In support of her position, the appellant in *Whisman* relied on *PHH Mortgage Servs. v. Higgason* for the proposition that because no certificate of title was surrendered to the

9

Case 10-05054-grs   Doc 31   Filed 12/12/11   Entered 12/12/11 11:54:06   Desc Main
Document      Page 10 of 11


county clerk, and no affidavit of conversion to real property was filed in compliance with Kentucky Revised Statute § 186A.297(1), the trailer did not become permanently affixed to the land so as to pass with the sale of the property. *Whisman*, 2009 WL 2971552, at *3 (citing *PHH Mortg. Servs.*, 345 B.R. at 587-88). The *Whisman* court explained that such reliance was misplaced because that case, as well as the earlier case of *Hiers v. Bank One*, 946 S.W.2d 196 (Ky. Ct. App. 1996), "dealt with perfection of security interests in a manufactured home as against other creditors. Although both are somewhat analogous to the present issue, and thus somewhat instructive, neither decides this particular issue." *Whisman*, 2009 WL 2971552, at *3.

The *Whisman* court reasoned:

> [W]e are without evidence indicating to whom the trailer belonged, when it was purchased or whether it was permanently affixed to the property. Despite [the appellant's] contention that the trailer was personal property and not a permanent fixture, [the appellant] presented no evidence to support her position . . . . By contrast, . . . [the appellee] submitted photographs of the trailer in question. After reviewing the evidence presented, the court ruled that the trailer was permanently affixed to the property and sold at the master commissioner's sale. Based upon the only evidence presented, we cannot find that the court's finding of fact on this issue was clearly erroneous. We therefore uphold the trial court's determination that the trailer was permanently affixed to the property.

*Id.* The *Whisman* court, therefore, held only that an affixed manufactured home without a title may be conveyed by deed. *See also In re Starks*, No. 10-22108, 2011 WL 248521 (Bankr. E.D. Ky. Jan. 24, 2011) (rejecting reliance upon *Whisman* by mortgagee objecting to chapter 13 plan confirmation). The current case is distinguishable from *Whisman* for the same reason *PHH Mortgage Services* and *Hiers* were. Here, the issue is perfection of a security interest in a manufactured home as against other creditors.

The Sixth Circuit's discussion in *Dickson* regarding the failure of Countrywide's mortgage to grant a lien on the debtor's manufactured home further illuminates the Bank's misplaced reliance upon *Whisman*. In *Dickson*, the Sixth Circuit explained:

10

> In the case at bar, the plain language of the mortgage contract did not grant Countrywide a lien on Dickson's manufactured home as personal property. Rather, the mortgage grants Countrywide a lien on the real estate and "all improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of that property." Accordingly, unless converted to an improvement to real estate, Countrywide did not obtain a security interest in the manufactured home through the mortgage contract.
>
> Moreover, even if Countrywide obtained a lien against the manufactured home by way of the mortgage contract, it is undisputed that Countrywide did not note this security interest on the certificate of title . . . . Accordingly . . . Countrywide did not have a perfected lien on Dickson's manufactured home.

*Dickson*, 655 F.3d at 590 (footnotes and internal citations omitted). Similarly, even if the Bank were correct in its position that it obtained a lien against the manufactured home by way of its mortgage, it did not perfect that lien. Therefore, the lien is avoidable pursuant to § 544.

The Bank next argues that the priority scheme set forth in Article 9 of Kentucky's version of the Uniform Commercial Code provides a mechanism for a mortgage to have priority over a security interest in a manufactured home—in particular, Kentucky Revised Statute § 355.9-334(5)(d). The Bank asserts that the priority scheme in § 355.9-334 provides that a mortgage is a method of perfecting a lien on a manufactured home that is a fixture. However, the Bank makes this argument for the first time on appeal. Therefore, it is waived. *See Bailey v. Floyd Cnty. Bd. of Educ.*, 106 F.3d 135, 143 (6th Cir. 1997) ("It is well-settled that this court will not consider arguments raised for the first time on appeal unless our failure to consider the issue will result in a plain miscarriage of justice."). As the Panel sees no reason for departing from this well-settled policy, the Panel declines to consider the Bank's argument based on Kentucky Revised Statute § 355.9-334(5)(d), which is raised for the first time on appeal.

## V. CONCLUSION

For the foregoing reasons, the Panel AFFIRMS the order of the bankruptcy court.